## 42302. NEWSOME v. GRAHAM.
(334 SE2d 183)

WELTNER, Justice.

Graham, an inmate at Georgia State Prison, filed an action *in forma pauperis* alleging that correctional officers wrongfully removed his personal property from his cell. A jury returned a verdict for the defendants, and the trial court assessed costs against Graham pursuant to OCGA § 9-15-1. We granted certiorari to consider whether OCGA § 9-15-2 relieves an indigent inmate from paying costs required under OCGA §§ 9-15-1 and 9-15-11. See *Graham v. Newsome*, 174 Ga. App. 351 (330 SE2d 98) (1985).

OCGA § 9-15-2 (a) (1) provides: "When any party, plaintiff or defendant, in any action or proceeding held in any court in this state is unable to pay any deposit, fee or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs."

This code section insures that no one will be denied access to the courts because of poverty.

OCGA § 9-15-1, however, is a separate provision, stemming from the Code of Georgia of 1863, as follows: "In all civil cases in any courts of this state, except as otherwise provided, the party who dis-

misses, loses, or is cast in the action shall be liable for the costs thereof."

Similarly, our Civil Practice Act, at OCGA § 9-11-54 (d), provides that "except where express provision therefor is made in a statute, costs shall. be allowed as a matter of course to the prevailing party unless the court otherwise directs. . . ."

We interpret these statutes for what they say. There being no express statutory exclusion, the liability of the losing party for court costs may attach at the termination of the lawsuit in accordance with OCGA §§ 9-15-1 and 9-11-54 (d). This latter code section vests in the trial judge the discretion to apportion costs.

It is sound public policy that no one be denied the remedies of the court by reason of poverty. It is equally sound that the unsuccessful litigant — and not the general public — bear the cost of private litigation, when the trial judge shall so determine.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 12, 1985.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, John C. Jones, Assistant Attorney General,* for appellant.

*Eric G. Kocher,* for appellee.

Joe D. Graham, Jr., *pro se.*