70813. WHITEHEAD v. LAVOIE.
(337 SE2d 357)

DEEN, Presiding Judge.

As an inmate at the Dodge Correctional Institute in Chester, Georgia, Frank Whitehead commenced this action in the Dodge County Superior Court against Bobby Lavoie as warden of the facility, seeking injunctive relief from allegedly inadequate and unsanitary preparation of prison food. Before the matter was called for hearing on January 29, 1985, Whitehead was transferred to the Lowndes Correctional Institute in Valdosta, Georgia. Whitehead failed to appear at the hearing, presumably because of his incarceration, and the trial court, noting Whitehead's failure to appear and the fact that he sought only injunctive relief at an institution in which he no longer was an inmate, dismissed the action as moot. The trial court also assessed court costs of $59 against Whitehead, and instructed the Department of Offender Rehabilitation to seize his inmate account for payment of these costs. Whitehead appeals from that dismissal and assessment of costs. *Held*:

The trial court properly dismissed the action as to the appellant on grounds of mootness, since the appellant no longer was an inmate at the facility against which he sought injunctive relief. This court also will not disturb the trial court's assessment of costs against the appellant. Whitehead was liable for costs under OCGA § 9-15-1, and he filed no affidavit of indigency with the trial court to relieve himself of that liability under OCGA § 9-15-2 (a). *Newsome v. Graham,* 254 Ga. 711 (334 SE2d 183) (1985); see also *D'Zesati v. Poole,* 174 Ga. App. 142 (329 SE2d 280) (1985); *Portis v. Evans,* 249 Ga. 396 (291 SE2d 511) (1982).

The dissent argues that the superior court could not assess costs against the plaintiff-appellant, simply because the clerk of the superior court actually filed the complaint without requiring payment of a deposit of costs due under OCGA § 15-6-77 (b) (1). In effect, the dissent proposes to create a rule of waiver of costs where the clerk fails to insist upon payment of the deposit before filing the complaint. OCGA § 9-15-4 (a) authorizes a clerk of the superior court to refuse to file a complaint until such a deposit is paid, but it certainly contains no implicit, corollary authorization for the clerk to waive the county's right to such funds.

As indicated above, if a litigant is unable to pay any deposit or other court costs, under OCGA § 9-15-2, he has only to file a valid affidavit of indigency to be relieved from that expense (unless that

claim of indigency is successfully contested by the other party). Where a party fails to observe that simple procedure, it is neither heinous nor erroneous to assess costs against that party where otherwise appropriate, and this rule applies even though the party is incarcerated in our state penal system and the clerk of court has failed to require prior payment of the deposit. "It is sound public policy that no one be denied the remedies of the court by reason of poverty. It is equally sound that the unsuccessful litigant — and not the general public — bear the cost of private litigation, when the trial judge shall so determine." *Newsome v. Graham,* supra at 712.

*Judgment affirmed. Banke, C. J., Birdsong, P. J., Carley, Sognier, Pope and Benham, JJ., concur. McMurray, P. J., concurs in the judgment only. Beasley, J., concurs specially in part and also dissents in part.*

BEASLEY, Judge, dissenting in part.

I concur as to dismissal, but for a different reason, and I respectfully dissent as to payment of costs.

On July 26, 1984, appellant and seventeen other inmates of the Dodge Correctional Institution filed a civil rights complaint pursuant to 42 USC § 1983, complaining about food preparation and the health conditions under which it was being prepared and served. They sought to have their complaint certified as a class action. They also "On oath" stated that they were unable to pay "filing fees for the Court and Attorney, And we ask this Court to grant us the right to proceed with- money's (sic)." Whitehead was the person designated to receive service on behalf of all plaintiffs.

Service was perfected on defendants and they filed answers near the end of December; their certificates show service on Whitehead at Dodge, although the State's shows the wrong zip code. The case was set on the calendar for January 29, 1985, and the court calendar was sent by the clerk to Whitehead at Dodge. From there it was forwarded to Rutledge Correctional Institution in Columbus but returned to Dodge Superior Court, "addressee unknown." The clerk then remailed it to Whitehead at Lowndes Correctional Institution, where he was incarcerated, on January 25. (Whitehead later stated under oath in the record that he did not receive it until January 28.) The court dismissed the suit on the ground that the case was moot; the court did not dismiss it only as to Whitehead. Further, the court assessed the costs of $59 against Whitehead and ordered his inmate account to be seized by the Department of Offender Rehabilitation and the costs paid therefrom. Upon learning of this, Whitehead wrote to the clerk of the Dodge Superior Court for help; there is no response in the record. Shortly thereafter, Whitehead filed in the superior court a timely notice of appeal and "Brief of Appellant," both nota-

rized, and an affidavit of poverty and motion to proceed in forma pauperis. The record was sent here and an enumeration of errors containing in effect another brief, was filed.

On appeal Whitehead claims as error the seizure of the inmate account and the dismissal of the suit for lack of prosecution.

1. The suit was dismissed because Whitehead did not appear, had not advised the court of his change of address, and because the issues were deemed moot since Whitehead no longer was at the institution he complained about. The latter would not render the suit moot because there were seventeen other plaintiffs, but they have not appealed and so that issue is not before us. Whitehead not being an attorney, he cannot represent them on appeal. Whitehead obviously did not appear at trial because he was incarcerated in Lowndes and did not have sufficient time to obtain a judicial writ. OCGA § 24-10-62. The lack of time occurred because he had not advised the court that his address had changed. He says he did not notify the court because he had never been notified that the suit was docketed. While he may with some justification have been waiting for such word, since the suit had been sent for filing with no prepaid costs and only an "oath" of inability of any of the plaintiffs to pay the filing fee, he still would have been obligated to advise the court of his change of address so as to receive that notification to begin with. Thus the fault that he did not receive notice of the court date must be laid at his doorstep. Furthermore, he should have taken notice of its docketing by the defendants' answers which contained the court number and demonstrated that the suit had been served. He does not disclaim receiving these answers, even though they were sent to Dodge in late December. Apparently they were forwarded to him and eventually reached him, albeit probably at or via Rutledge C. I. since Dodge C. I. sent his January mail first to Rutledge.

2. The court erred in assessing costs, however. The suit was accepted for filing and was processed without the deposit required by OCGA § 15-6-77 (b) (1). The deposit is to be paid or an affidavit of indigence is to be filed. OCGA § 9-15-4 (a). Although no jurat was affixed to the "oath" signed by all of the plaintiffs, the obvious claim of indigency was nevertheless acted upon and the suit was filed and processed. It was not returned for nonpayment of the deposit nor were plaintiffs notified that their suit could not proceed free of costs because of the absence of a jurat. No issue was ever made of it and now it is too late to cure it. Consequently, the court should not be authorized to assess all costs against plaintiff Whitehead. This is especially so because Whitehead was only one of eighteen plaintiffs. I would therefore reverse this portion of the court's order.

DECIDED OCTOBER 3, 1985 —
REHEARING DENIED OCTOBER 31, 1985 —

Frank W. Whitehead, *pro se.*
*Michael J. Bowers, Attorney General,* for appellee.