## 45725. BRAND v. THE STATE.
(369 SE2d 896)

WELTNER, Justice.

Daniel Wayne Brand shot and killed Cherie Fincher with a handgun. Brand and another convicted felon, both armed with handguns, accompanied Cheryl Fincher to the residence of Bobby Coach, where Cheryl Fincher's daughter, Cherie Fincher, was living. After the three arrived, an altercation arose between Coach and the armed men. A projectile fired from Brand's handgun fatally wounded Cherie Fincher. Brand was convicted of felony murder and possession of a firearm by a felon, and sentenced to life imprisonment and a term of years.[1]

---

[1] The crime was committed on August 8, 1986. Brand was indicted on March 31, 1987.

1. Based on the evidence in this case, a rational trier of fact could have found Brand guilty beyond a reasonable doubt of the crimes for which he was indicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brand contends that the shooting was accidental. Even so, that would be no defense. OCGA § 16-5-1 (c) provides in part that, "A person. . .commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." In *Scott v. State*, 250 Ga. 195, 197 (297 SE2d 18) (1982), we held that possession of a firearm by a convicted felon may be the underlying felony of felony murder.[2]

3. Brand contends that the trial court committed error in describing autopsy photographs, not admitted into evidence, as "gruesome." Brand did not object to that observation, nor did he move for a mistrial. "[T]he failure of the appellant to object to the questions or to move for a mistrial at the trial estopped him from raising an objection on appeal." *Ezzard v. State*, 229 Ga. 465 (2) (192 SE2d 374) (1972).

4. Brand also contends that he was denied a speedy trial. However, he filed no demand under OCGA § 17-7-1. Nor was he denied his Sixth Amendment right to a speedy trial. The state insists that the trial was delayed four months at the request of Brand's counsel. Brand has not shown undue delay; nor the state's responsibility for the delay; nor has he shown prejudice because of any delay. See *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

5. Brand complains that the trial court abused its discretion in refusing to sever the trial, as to parties and offenses. In *Head v. State*, 253 Ga. 429, 432 (322 SE2d 228) (1984), we held:

> In cases where the count charging possession of a firearm by a convicted felon might be material to a more serious charge — as, for example, where the offense of murder and possession are charged in one indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment — the trial need not be bifurcated.

The record shows that the only motion for a severance as to de-

---

He was tried and convicted of felony murder and possession of a firearm by a convicted felon on September 10, 1987. The trial transcript was certified by the court reporter on March 15, 1988. This appeal was docketed in this court on April 18, 1988. The appeal was argued before this court on June 7, 1988.

[2] Because the possession count was the underlying felony of the felony murder conviction, Brand may not be convicted and sentenced on the possession count, and, to that extent, the sentence of the trial court must be vacated.

fendants was made, not by Brand, but by his co-defendant. There was no error.

6. Brand further complains the trial court erred in allowing two handguns into evidence. As there was no contemporaneous objection, this enumeration is without merit.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JULY 6, 1988.

*Philip L. Ruppert,* for appellant.

*Willis B. Sparks III, District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.