A90A2011. BROOKHILL MANAGEMENT CORPORATION v. SHAH.
(398 SE2d 290)

DEEN, Presiding Judge.

On May 7, 1986, appellee Navin B. Shah d/b/a Royal Cleaners signed an agreement with Spalding Woods Village Associates, Inc., and its agent Kern & Company, Inc., to lease a space in a shopping center for a three-year term from December 1, 1986, through October 31, 1989. This lease contained a provision allowing Shah the option to renew for two additional three-year terms, which could be exercised upon written notice to the landlord six months prior to the expiration of the term. Shah sold his dry-cleaning business to Mrs. Saroj J. Patel and, in June of 1988, assigned the lease to her. On June 18, 1989, four and one-half months before the lease was due to expire, a letter signed by Jay C. Patel as secretary of So-Hum, Inc., was sent to Kern & Company seeking to renew the lease for another three-year term. The letter was forwarded to appellant Brookhill Management Corporation, as agent for Spalding Woods Village Associates, and by a letter dated June 28, 1989, to Jay C. Patel, Brookhill renewed the option extension for the premises to So-Hum, Inc., as tenant.

After So-Hum, Inc., was continually late on the lease payments and Saroj J. Patel apparently defaulted on the purchase of the business, Shah reentered possession of the premises in February of 1990

and repossessed the contents under the purchase agreement between Mrs. Patel and himself. Shah took over operation of the business but refused to pay the rent, advising Brookhill that he did not believe he was obligated to do so under the option renewal. On March 23, 1990, Brookhill filed a dispossessory action and a distress warrant, seeking both possession of the premises and accrued rent. Shah vacated the premises and filed an answer contending that the original term of the lease had expired and the exercise of the extension option was void and of no force and effect against him. The trial court granted Shah's motion for directed verdict on the grounds that the original lease between Shah and Saroj J. Patel was not properly assigned in such a way as to bind Shah to the obligations and options exercised by the subsequent tenants; and because the option to renew was not timely exercised prior to six months from the expiration of the original lease. Brookhill appeals from the judgment entered against it. *Held*:

"The Statute of Frauds is codified at OCGA § 13-5-30, and this statute provides that in order to be enforceable, various types of agreements must be 'in writing and signed by the party to be charged therewith or some person lawfully authorized by him.' 'Any agreement that is not to be performed within one year from the making thereof' is required by the Statute of Frauds to be in writing. OCGA § 13-5-30 (5). In line with this provision, it has been held that a contract creating the relation of landlord and tenant for a period in excess of one year must be in writing. [Cit.]" *20/20 Vision Center v. Hudgens*, 256 Ga. 129, 133 (2) (345 SE2d 330) (1986). See also OCGA § 44-7-2 (a). Furthermore, "[a] lease for more than a year can not be renewed except in writing [cits.]," (*Hooks v. Lease*, 68 Ga. App. 850, 851 (24 SE2d 601) (1943)); " 'and when executed by an agent, the authority of the agent to execute it must likewise be in writing.' [Cits.]" *Butler v. Godley*, 51 Ga. App. 784, 786 (1) (181 SE 494) (1935).

Here the written lease was originally executed by Kern & Company, Brookhill's predecessor as agent to Spalding Woods Village Associates, and Shah d/b/a Royal Cleaners; the assignment of the lease was from Royal Cleaners to Saroj J. Patel; and the exercise of the option to renew and extension of the lease was negotiated between Jay C. Patel on behalf of So-Hum, Inc., and Brookhill as agent for Spalding Woods Village Associates. There is no written contract or other document showing the assignment of the lease to So-Hum, Inc., or that So-Hum, Inc., was operating as the agent of Shah's assignee leaseholder, Saroj J. Patel. Thus there was no writing as required by the Statute of Frauds to authorize the exercise of the option and, even if it had been sought in a timely manner in accordance with the terms of the original lease agreement, the purported renewal was void and inoperative. See *Lewis v. Floyd*, 126 Ga. App. 520 (2) (191 SE2d 291) (1972). Since the lease as renewed was unenforceable against

Shah, the trial court correctly granted a directed verdict in his favor. *Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 17, 1990.

*Huddleston & Medori, Eugene A. Medori, Jr.,* for appellant.
*Garner & Still, Dennis T. Still,* for appellee.

*Judgment affirmed. Pope and Beasley, JJ., concur.*