S91A1197. LAWRENCE v. THE STATE.
(409 SE2d 661)

BENHAM, Justice.

This appeal is from appellant's conviction for felony murder.[1]

---

[1] The homicide occurred on August 26, 1990. Appellant was indicted on February 22, 1991, for malice murder; feticide; two counts of felony murder; and the underlying offenses for the felony murder charges, possession of a firearm by a convicted felon and aggravated assault. The malice murder charge was dead-docketed and appellant was acquitted of feti-

Appellant's sole contention on appeal is that the evidence was not sufficient to warrant his conviction.

The evidence at trial authorized the jury to find the following facts. Appellant was living with the victim's sister. On the day of the shooting, the victim, her brother, and a friend came to appellant's apartment where the victim's brother assaulted appellant for alleged mistreatment of appellant's companion. The brother was removed from the apartment, but threatened appellant with further violence before leaving. Appellant also left. When the victim, her brother, and their friend arrived at the victim's family home, appellant arrived immediately behind them and stopped his car across the street. As the victim's brother crossed the street toward appellant's car, appellant exited the car with a gun[2] in his hand. Appellant fired three shots, one into the air, one into the ground, and a third which struck the victim, killing her and the fetus she was carrying. Appellant then walked to his car and left the scene. Prior to these events, appellant had been convicted of several felonies.

Although appellant told a version of the same story which featured his fear of assault by the victim's brother and asserted that only one shot was fired by accident in the process of blocking a blow from the victim's brother, credibility is a matter for the factfinder (*Pless v. State*, 260 Ga. 96 (1) (390 SE2d 40) (1990)), and it is evident from the verdict that the jury's assessment of credibility was adverse to appellant. The evidence adduced at trial authorized a rational trier of fact to find appellant guilty of felony murder beyond a reasonable doubt. *Brand v. State*, 258 Ga. 378 (369 SE2d 896) (1988); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1991.

*Murray M. Silver,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Rebecca A. Keel,* Assistant District Attorneys, *Michael J. Bowers,* Attorney General, *Susan V. Boleyn,* Senior Assistant Attorney General, *Peggy R. Katz,* Staff Attorney, for appellee.

---

cide, but was convicted of felony murder on March 13, 1991, and sentenced the same day. A notice of appeal was filed on April 12, 1991; the appeal was docketed in this court on June 6, 1991; and the appeal was submitted without oral argument on July 19, 1991.

[2] The weapon was a 9mm pistol, the provenance of which appellant denied knowing.