### S93A0550. BRAND v. SZABO.

(428 SE2d 325)

HUNT, Presiding Justice.

We granted Brand's application for a certificate of probable cause to appeal the superior court's denial of his petition for habeas corpus, to determine: (1) the propriety of the clerk of the superior court's action in withholding the habeas record on appeal to this court until payment of costs in the habeas proceeding, and (2) the application of our decision in *Ford v. State,* 262 Ga. 602 (423 SE2d 255) (1992) to this case.[1]

1. The superior court, acting as habeas court, granted Brand leave to proceed in forma pauperis and, following a hearing, denied Brand's petition for a writ of habeas corpus. The habeas court also assessed court costs against Brand, citing *Newsome v. Graham,* 254 Ga. 711 (334 SE2d 183) (1985) as authority for doing so.[2] In accordance with OCGA § 9-14-52 (b), Brand filed a timely notice of appeal in the superior court and an application for a certificate of probable cause to appeal in this court. However, because of Brand's failure to pay the costs assessed against him, the clerk of the superior court refused to forward the record of the habeas proceeding to this court.

We agree with Brand that the superior court clerk's failure to forward the habeas record to this court effectively denies his right under OCGA § 9-14-52 (b) to apply for a certificate of probable cause to this court. Accordingly, where, as here, the habeas court has assessed costs against an indigent prisoner/petitioner, and the prisoner/petitioner shows that he is unable to pay those costs,[3] the clerk of the superior court must forward to this court the record and transcript of the habeas proceeding on the filing of the notice of appeal. This holding does not detract from the public policy considerations of *Newsome v. Graham,* supra, because the court below still has all means at its disposal to collect the assessed costs, as it would have had no ap-

---

[1] We affirmed Brand's conviction and sentence to life imprisonment for felony murder at 258 Ga. 378 (369 SE2d 896) (1988), but vacated the conviction and sentence for the underlying felony of possession of a firearm by a convicted felon.

[2] In *Newsome,* we held it to be within a trial court's discretion whether to assess costs against an indigent defendant under OCGA §§ 9-15-1 and 9-15-11, and that a party's indigency does not relieve him from paying those costs. Here, the trial court did not abuse its discretion in assessing costs against Brand.

[3] Brand submitted his request to proceed in forma pauperis which he had filed in the habeas court, showing he had no income or property, as well as documentation from prison officials showing a negative balance in Brand's prison account.

plication for certificate of probable cause been filed.

2. In *Ford v. State*, supra, we reversed the felony murder conviction where the underlying felony was possession of a firearm because, under the special circumstances of that case, the possession of the firearm could not reasonably have been seen as creating a "foreseeable risk of death." Id. at 603. No such special circumstances were demonstrated at the trial of Brand's case, and our holding in *Ford* provides him no relief.

3. Following our grant of Brand's application for a certificate of probable cause, the superior court forwarded the habeas record to this court. Having reviewed the record, we conclude the superior court did not err in denying the petition for a writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1993 —
RECONSIDERATION DENIED MAY 6, 1993.

Daniel Wayne Brand, *pro se.*

Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paula K. Smith, Mary H. Hines, Assistant Attorneys General, for appellee.