## A99A1681. McFARLAND & ASSOCIATES, P.C. v. HEWATT.
### (529 SE2d 902)

MILLER, Judge.

Is a motion for contempt made more than 30 days after entry of a court order directing compliance with postjudgment discovery a new proceeding within the meaning of OCGA § 15-6-77 (e) (1)? We hold it is and affirm the superior court's refusal to order the clerk to accept such a contempt motion without proffer of the appropriate filing fees.

The following chronology is undisputed: The law firm of McFarland & Associates, P.C. obtained a judgment against Lawrence David Hewatt on April 29, 1998. On May 14, 1998, postjudgment interrogatories were accepted for filing without any additional filing fee. More than 30 days passed without response by defendant. On August 14, 1998, the superior court ordered defendant to comply with postjudgment discovery within 15 days. In November 1998, McFarland attempted to file a "Motion for Contempt Order," but since this motion was presented more than 30 days after the August 14 order, the clerk's office informed McFarland that a filing fee would be due. McFarland refused to pay any additional filing fee, and, in order to avoid an argument, the deputy clerk filed the motion without charging a filing fee.[1] The superior court denied McFarland's "Motion for Order to Clerk," seeking to compel the clerk to file McFarland's contempt motion without additional costs, and McFarland appeals this order.

The clerk of the superior court shall not be required to file any civil case or proceeding until the fees required by OCGA §§ 15-6-77 and 15-6-77.2 have been paid to the clerk.[2] "Except for the filing of civil cases in which the filing party is indigent . . . , all sums specified in [OCGA § 15-6-77] shall be paid to the clerk at the time of filing or other service."[3] As used in calculating the costs due in civil cases, "[a]ny postjudgment proceeding filed more than 30 days after judgment or dismissal in an action *shall be considered as a new case* for purposes of this Code section."[4]

"In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art. . . ."[5] "[I]n its ordinary signification, 'shall' is a word of command, and the context ought to be very strongly persuasive before that word is softened into

---

[1] That act of filing does not render this appeal moot, as there is no authority for the clerk to waive the county's right to filing fees except upon a proper showing of indigence. *Whitehead v. Lavoie*, 176 Ga. App. 666 (337 SE2d 357) (1985) (whole court).

[2] OCGA § 9-15-4 (a).

[3] OCGA § 15-6-77 (d).

[4] (Emphasis supplied.) OCGA § 15-6-77 (e) (1).

[5] OCGA § 1-3-1 (b).

a mere permission."[6] In the plain words of the statute, postjudgment proceedings filed more than 30 days after judgment or dismissal shall be considered a new case for purposes of calculating the costs the superior court clerk is entitled to charge and collect. The superior court correctly denied McFarland's motion to compel the clerk to accept for filing the motion for contempt (for failure to comply with court-ordered postjudgment discovery), as that motion was submitted more than 30 days after judgment without tender of the filing fee required for new cases.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 22, 2000.

*Robert P. McFarland,* for appellant.

*Vinson, Talley, Richardson & Cable, J. Glenn Richardson, Craig L. Burnsed,* for appellee.

Lawrence D. Hewatt, *pro se.*

---

[6] *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541) (1912).