A00A1063. SLATER et al. v. SPENCE.<br>(540 SE2d 638)

MILLER, Judge.

James and Miley Slater sued Helen Spence in the State Court of Clarke County for personal injuries arising out of an automobile accident that occurred on August 26, 1995. They dismissed the complaint without prejudice on February 20, 1998. The Slaters then refiled the complaint, which was stamped "filed" on August 25, 1998. Spence moved to dismiss the action on the ground that the statute of limitation had expired. The court granted the motion, and in three related enumerations of error, the Slaters appeal the dismissal of their com-

plaint. We affirm.

The Slaters sent the second complaint with $60 for filing fees to the clerk of the state court on August 14, 1998. This apparently was received by the clerk's office on August 17, 1998. On August 21, however, the Slaters received a notice informing them that an additional $5[1] was required for the filing fees, which they submitted, and which apparently was not received by the clerk's office until August 25, 1998, five days after the expiration of the statute of limitation.[2]

The Slaters argue (1) that the court erred in finding that there was no abuse of discretion by the clerk in refusing to file their complaint until after the $5 fee had been paid, (2) that the $5 fee does not stand on the same basis as the statutory fees outlined in OCGA § 15-6-77 (e), and (3) that the court's construction of the applicable statutes was erroneous as a matter of law.

The general laws and rules of practice, procedure, pleading, evidence, and execution applicable to the superior courts are applicable to and govern in the state courts.[3] OCGA § 15-6-77 (e) (2) provides that the filing fee for a civil case is $58 and lists two exceptions found in paragraphs (3) and (4). The Slaters argue that the $5 fee is not one of those exceptions. Regardless of the exceptions listed in paragraphs (3) and (4), however, paragraph (5) independently states: "Nothing contained in this Code section shall be construed so as to prohibit the collection of any other costs authorized by law for postjudgment proceedings or for any other services which the clerk or the sheriff shall perform." And OCGA § 15-23-7 (a) provides:

> For the purposes of providing court-connected or court-referred alternative dispute resolution programs, a sum not to exceed $7.50, in addition to all other legal costs, may be charged and collected in each civil action or case filed in the superior, state, probate, and magistrate courts and other courts within the county that have the same powers and jurisdiction as state or magistrate courts.

Therefore, the additional fee was authorized and the clerk correctly determined the amount of fees to be paid. "[I]t is the responsibility of the plaintiff and his counsel to see that the appropriate fees are paid

---

[1] The additional $5 was assessed for the Alternative Dispute Resolution Fund. See OCGA § 15-23-7 (a).

[2] The applicable limitation period expired on August 26, 1997. OCGA § 9-3-33. The Slaters had six months from the date of voluntary dismissal to refile the complaint if they wanted to have the second filing considered a renewal of the first action and thus timely. OCGA § 9-2-61 (a).

[3] OCGA § 15-7-43.

in a timely manner."[4] And the clerk may justifiably refuse to file a complaint until the proper fees have been paid.[5] Accordingly, there was no abuse of discretion by the clerk in refusing to file the complaint until the $5 fee was received, and the court did not err in granting Spence's motion to dismiss based upon the undisputed expiration of the statute of limitation.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 13, 2000 — 

*Callaway, Neville & Brinson, William J. Neville, Jr.,* for appellants.

*Blasingame, Burch, Garrard, Bryant & Ashley, Andrew J. Hill III, Josh B. Wages,* for appellee.

---

[4] (Citations omitted.) *Orr v. Culpepper,* 161 Ga. App. 801, 804 (288 SE2d 898) (1982).

[5] Id. at 803. Accord *McFarland & Assoc. v. Hewitt,* 242 Ga. App. 454, fn. 1 (529 SE2d 902) (2000) (there is no authority for the clerk to waive the county's right to filing fees except upon a proper showing of indigence).