A05A1495. NACOOCHEE CORPORATION v. SUWANEE INVESTMENT PARTNERS, LLC et al.
(620 SE2d 641)

PHIPPS, Judge.

Nacoochee Corporation filed a dispossessory action against Suwanee Investment Partners, LLC, d/b/a Backdrafts ("Suwanee"), alleging that Suwanee was a tenant-at-will. After a nonjury trial, the superior court entered judgment in favor of Suwanee, finding that a handwritten agreement between the parties was an enforceable lease and that Nacoochee was estopped from denying its validity. Nacoochee appeals, arguing primarily that the agreement violates the statute of frauds. We agree and accordingly reverse the trial court's denial of the dispossessory action, but we remand for the court to consider whether the parties' partial performance under the lease removes it from the statute of frauds.

No testimony was admitted at trial, but the following facts appear from the pleadings. Nacoochee owns certain commercial property in Gwinnett County. On August 17, 2004, Suwanee's owners met with Nacoochee representatives and expressed a desire to lease

---

the property. The parties executed a handwritten, one-page document titled "Lease Deal," which listed a payment schedule including an initial deposit and graduated payments over the next five years. The document was signed by a Nacoochee representative and by Suwanee's future owners.[1] Aside from the payment schedule, the only other terms contained in the "Lease Deal" were brief liquidated damages and indemnification provisions.[2] Although the document was dated and indicated that Suwanee's owners were paying the deposit and first month's rent "today," it did not state when the lease term was to begin, nor did it name or describe the property to be leased.

Nacoochee contends that its representatives told Suwanee's owners at the August 17 meeting that "they would have to execute a lease agreement in the same form as that executed by [the previous tenant], and that in addition to the base rent, they would be obligated to pay [their] pro rata share of the common area maintenance charges, real estate taxes, and insurance premiums." Nacoochee later sent Suwanee a formal, detailed lease agreement that would have obligated Suwanee to pay these additional fees, but Suwanee refused to sign it, claiming that the "Lease Deal" embodied the parties' entire agreement. According to the parties' lawyers, Suwanee made lease payments according to the schedule set forth in the "Lease Deal" and Nacoochee accepted them.

In November 2004, Nacoochee brought a dispossessory action in magistrate court. The case was transferred to superior court, where Nacoochee filed an amended complaint alleging that the "Lease Deal" was not enforceable because it violated the statute of frauds and that Suwanee was therefore merely a tenant-at-will. The parties waived their right to a jury trial and consented to a bench trial. After hearing arguments from the parties' lawyers, the court found that the "Lease Deal" was a valid, enforceable contract; that Nacoochee was estopped from "voiding" it; and that Suwanee had paid rent according to its terms. Accordingly, the court denied Nacoochee's dispossessory action.

In reviewing a judgment from a bench trial, we will not disturb the trial court's findings of fact if there is any evidence to support them.[3] "However, the court's judgment in a non-jury trial will be

---

[1] When the "Lease Deal" was executed, Suwanee had not yet been formed. The document was signed by Suwanee's owners on behalf of an "LLC to be formed."

[2] The document stated: "$100,000 guarantee liquidated damages which shall be reduced monthly by each month's rent. Indemnify Nacoochee against all comers and hold harmless."

[3] *CRS Sirrine, Inc. v. Dravo Corp.*, 213 Ga. App. 710, 721 (4) (445 SE2d 782) (1994).

reversed where it is apparent that it rests on erroneous reasoning or on an erroneous legal theory."[4]

1. Nacoochee contends that the court erred by failing to conclude that the "Lease Deal" ran afoul of the statute of frauds. We agree.

To satisfy the statute of frauds, "a contract creating the relation of landlord and tenant for a period in excess of one year must be in writing."[5]

> To be sufficient as a memorandum under the statute of frauds, a writing must be complete in itself, leaving nothing to rest in parol. The entire agreement must be expressed in the writing or writings relied upon to take the transaction out of the statute. The memorandum must disclose the subject-matter of the contract, the parties thereto, the promise or undertaking, and the terms and conditions. [Cits.][6]

The degree of specificity and completeness required for a lease agreement to satisfy the statute of frauds is the same as that required of a contract for the sale of land.[7] "Parol evidence is not admissible to supply any missing essential elements of a contract required to be in writing by [the] statute of frauds."[8]

One essential term missing from the "Lease Deal" was the subject matter of the agreement — that is, the property. To satisfy the statute of frauds, a lease agreement must describe the property to be leased with sufficient clarity and definiteness to disclose the lessor's intentions and permit identification of the property.[9] The "Lease Deal" contained no property description at all — not even a street address. The trial court found that this omission was not fatal because the parties executed the agreement on the premises and therefore knew that the agreement applied to those premises. But parol evidence may not be considered in determining whether an agreement satisfies the statute of frauds.[10] Because the court's denial of Nacoochee's dispossessory action was based on its erroneous conclusion that the "Lease Deal" satisfied the statute of frauds, we reverse that denial.

---

[4] Id. (citations omitted).

[5] *Brookhill Mgmt. Corp. v. Shah*, 197 Ga. App. 305, 306 (398 SE2d 290) (1990) (citation and punctuation omitted); see also OCGA § 13-5-30 (5).

[6] *F. & W. Grand &c. Stores v. Eiseman*, 160 Ga. 321, 325 (1) (127 SE 872) (1925).

[7] Id. at 325 (1), 329-330 (6).

[8] (Citation omitted.) *Sawyer v. Roberts*, 208 Ga. App. 870, 871 (432 SE2d 610) (1993).

[9] See *Makowski v. Waldrop*, 262 Ga. App. 130, 132 (1) (a) (584 SE2d 714) (2003); *Smith v. Helms*, 140 Ga. App. 267, 268 (1) (231 SE2d 778) (1976).

[10] And, as discussed in Division 3, with the exception of the "Lease Deal" itself, the trial court did not consider any evidence. It merely heard the arguments of the parties' lawyers.

2. The trial court also found that Nacoochee was estopped from denying the validity of the "Lease Deal." Estoppel is an affirmative defense that must be set forth in a responsive pleading.[11] Suwanee did not raise the defense of estoppel in its pleadings or by motion. Instead, the court considered the issue sua sponte at trial. But "[t]he trial court lacks authority to assert on behalf of a party affirmative defenses that can be waived."[12] The court's consideration of an affirmative defense that Suwanee had not raised was error. Accordingly, the court's alternative rationale for denying Nacoochee's dispossessory action — estoppel — also fails.

3. Suwanee argues that its payment of rent and Nacoochee's acceptance thereof constitute partial performance that removes the "Lease Deal" from the statute of frauds. Under OCGA § 13-5-31, partial performance of a contract may suffice to remove it from the statute of frauds. Such performance "must be part performance of an essential element of the contract sought to be proved, and of a character which would render it a fraud on the [tenant] if the [landlord] refused to comply."[13] Thus, in *Cardin v. Outdoor East*,[14] which involved a lease that failed to describe the property in question and was not signed by the tenant, we held that the tenant's possession of the premises could cure those deficiencies and remove the lease from the statute of frauds. In *Norris v. Downtown LaGrange Dev. Auth.*,[15] by contrast, we held that a tenant's possession of the premises and payment of rent could not remove a lease from the statute of frauds where the missing essential term was the duration of the lease term. Accordingly, the parol lease created nothing more than a tenancy at will.

Whether there has been part performance sufficient to remove a contract from the statute of frauds is a question of fact.[16] The trial court decided this case on the basis of the pleadings and arguments of counsel, without hearing evidence. However, the pleadings do not reveal undisputed facts necessary to determine whether there was sufficient part performance, and representations of counsel are not evidence.[17] Thus, we reverse the denial of Nacoochee's dispossessory

---

[11] OCGA § 9-11-8 (c).

[12] *Focus Healthcare Med. Center v. O'Neal*, 253 Ga. App. 298, 299 (a) (558 SE2d 818) (2002).

[13] *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343, 344 (2) (259 SE2d 729) (1979) (citation and punctuation omitted).

[14] 220 Ga. App. 664, 665 (468 SE2d 31) (1996) (physical precedent only).

[15] Supra.

[16] See *R. T. Patterson Funeral Home v. Head*, 215 Ga. App. 578, 581-584 (1) (b) (451 SE2d 812) (1994); *White House, Inc. v. Winkler*, 202 Ga. App. 603, 607 (415 SE2d 185) (1992).

[17] See *Easley v. State*, 262 Ga. App. 144, 147 (2), n. 3 (584 SE2d 629) (2003).

action, and we remand the case for the court to consider evidence relevant to the issue of part performance before deciding the dispossessory matter.

*Judgment reversed and case remanded. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 8, 2005.

*Thomas S. Fisher*, for appellant.
*Charles D. Joyner*, for appellees.