A07A0240. ANDERSON v. HARDOMAN.
A07A0242. ANDERSON v. ANDERSON et al.
(649 SE2d 611)

PHIPPS, Judge.

Pro se, Jesse G. Anderson, Jr. appeals the dismissals of two complaints he filed pro se in superior court. Because the dismissals were not authorized, we reverse them and remand these cases with direction.

As the basis for dismissal, the order in each case merely provided: "the plaintiff has not complied with the provisions of [Uniform Superior Court Rule] 36.10." This rule provides in full:

> Complaints or petitions presented to the clerk for filing shall be filed only when accompanied by the proper filing fee, fee for sheriff service or a pauper's affidavit, a civil case initiation form, and, when applicable, any forms required by law or rule to be completed by the parties. The attorney or party filing the complaint shall furnish the necessary service copies. Judgments, settlements, dismissals and other dispositions presented to the clerk for filing shall be filed only when accompanied by a civil case disposition form.

The records before us show that the complaints were marked "filed" in January and February 2006; that all respective defendants were served by the "Deputy/Sheriff's Office of" Tift County "with a copy of the . . . action and summons" in February 2006; and that in March 2006, Anderson filed motions for default judgments. Anderson

---

[29] *Stone v. State*, 218 Ga. App. 350, 351 (1) (461 SE2d 548) (1995).

complains on appeal that on June 27, 2006, the trial court dismissed each case "without warning."

1. Anderson contends that he complied with USCR 36.10 by delivering to the clerk, along with his complaints, the required forms, necessary service copies, and pauper's affidavits.

OCGA § 9-15-4 (a) provides:

A clerk of the superior court shall not be required to file any civil case or proceeding until the fee required by Code Section 15-6-77 and Code Section 15-6-77.2, relating to fees of clerks of the superior courts, has been paid to the clerk. The fee shall not be required if the party desiring to file the case or proceeding is unable because of his indigence to pay the fee and the party files with the clerk an affidavit to such effect.

"[I]f a litigant is unable to pay any deposit, [fee,] or other court costs, under OCGA § 9-15-2, he has only to file a valid affidavit of indigency to be relieved from that expense (unless that claim of indigency is successfully contested by the other party)."[1]

A signed statement of facts, purporting to be the statement of the signer, followed by the certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him, is a lawful affidavit. Further, in the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with other evidence. To make a valid affidavit the affiant must swear to it, and the fact of his swearing must be certified by a proper officer. In order to make an affidavit there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath.[2]

Although Anderson asserts that he filed a pauper's affidavit in each case, he has failed to provide record cites for such affidavits.[3] And we find nothing in the record for either case that can be construed

---

[1] *Whitehead v. Lavoie*, 176 Ga. App. 666, 666-667 (337 SE2d 357) (1985).

[2] *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985) (citations, punctuation and emphasis omitted).

[3] *Blockum v. Fieldale Farms Corp.*, 271 Ga. App. 591, 594 (4) (610 SE2d 82) (2005) (party asserting error on appeal has the burden to show it affirmatively by the record); see Court of Appeals Rule 25 (c) (3) (i) (requiring each enumerated error to be supported by specific reference to the record).

as an affidavit of indigency under OCGA § 9-15-2 and USCR 36.10. We note that the record in Case No. A07A0242 shows that Anderson provided to the clerk, along with his complaint, a document entitled "motion to proceed in formas paupers," requesting "to proceed in Formas Pauperis" and referencing "[t]he attached application to proceed in formas pauperis." But the "motion" is not notarized and the referenced application is not contained in the record.

Nevertheless, we agree with Anderson that the dismissals were not authorized. "It is a well established rule in Georgia that a paper is said to be filed, when it is delivered to the proper officer, and by him received to be kept on file."[4] USCR 36.10 limits when the clerk shall receive to be kept on file complaints and petitions. Where the clerk has filed a complaint or petition in contradiction of the limitations set forth in USCR 36.10, however, it does not follow that the trial court is therefore authorized to dismiss the complaint or petition. Failure of the clerk to perform a duty should not work injury to a party not responsible therefor.[5] Rather, such party should be notified that the clerk mistakenly filed the complaint or petition without collecting the "proper filing fee, fee for sheriff service, or a pauper's affidavit,"[6] but that fees or a pauper's affidavit must be submitted.[7] "[T]here is no authority for the clerk to waive the county's right to filing fees except upon a proper showing of indigence."[8]

Anderson does not claim on appeal that he has paid the fees. Therefore, we remand each case for the issuance of an order for Anderson to submit "the proper filing fee, fee for sheriff service or a pauper's affidavit."[9] Any such order should warn Anderson that failure to comply with the order within a reasonable time, as specified in the order, may subject the case to dismissal.[10]

2. Because the trial court did not reach the merits of Anderson's motions for default judgments filed in these cases, we do not consider Anderson's arguments pertaining to such motions.

*Judgments reversed and cases remanded with direction. Johnson, P. J., and Mikell, J., concur.*

---

[4] *Valentine v. Hammill,* 258 Ga. 582 (372 SE2d 435) (1988), citing *Peterson v. Taylor,* 15 Ga. 483, 484 (1854).

[5] *Jolley v. Rutherford,* 112 Ga. 342, 343 (1) (37 SE 358) (1900).

[6] USCR 36.10.

[7] See generally *Slater v. Spence,* 246 Ga. App. 365, 366-367 (540 SE2d 638) (2000) ("It is the responsibility of the plaintiff and his counsel to see that the appropriate fees are paid [or a pauper's affidavit is submitted] in a timely manner.") (punctuation and footnote omitted); *Whitehead,* supra.

[8] *McFarland & Assoc. v. Hewatt,* 242 Ga. App. 454, n. 1 (529 SE2d 902) (2000) (citation omitted); see also *Whitehead,* supra.

[9] USCR 36.10.

[10] See generally *Heard v. State,* 274 Ga. 196, 198 (2) (552 SE2d 818) (2001).

DECIDED JULY 11, 2007.

Jesse G. Anderson, Jr., *pro se* (for appellant).
Jesse Anderson, Sr., Bonnie Hardoman, *pro se* (for appellees).