A10A0756, A10A1226. HAYGOOD et al. v. HEAD et al. (two cases).
A10A0757, A10A1227. HAYGOOD et al. v. ROGERS et al.
(two cases).
A10A1225. HAYGOOD et al. v. TILLEY.
(699 SE2d 588)

MILLER, Chief Judge.

Polk County property owners Johnny and Donna Haygood commenced lawsuits below against Claude E. Head, Richie Hatch and their land surveying company, Head, Hatch & Associates Land Surveyors (collectively "Head") and Larry H. Rogers and his land surveying company, Larry H. Rogers Land and Engineer Surveys (collectively, "Larry Rogers"), arising out of alleged faulty surveys Larry Rogers and Head performed for Dan Forsyth, who previously owned property near the Haygoods. The Haygoods were already involved in litigation with Forsyth's successor in title, Phil Tilley, who filed a petition for injunctive relief against the Haygoods seeking to prohibit them from blocking a driveway Tilley used to access his property.[1]

In Case Nos. A10A0756 and A10A0757, the Haygoods appeal from the trial court's September 10, 2009 orders of dismissal in the Head and Larry Rogers actions, arguing that the trial court erred in its application of the collateral estoppel doctrine and that its orders are confusing. In Case Nos. A10A1226 and A10A1227, the Haygoods

---

[1] The Haygoods had previously filed a lawsuit against Tilley, which was consolidated with Tilley's action and then voluntarily dismissed without prejudice.

appeal from the trial court's December 1, 2009 amended orders of dismissal in the Head and Larry Rogers actions, issued to correct clerical errors in the prior dismissal orders, asserting violation of their due process rights. In Case No. A10A1225, the Haygoods appeal from the trial court's order dismissing their appeal of an adverse summary judgment order in the Tilley action for failure to pay costs, arguing, inter alia, that such failure was excused by their affidavit of indigence. Given the interrelated nature of the Haygoods' appeals, we have consolidated them for disposition.

In Case Nos. A10A0756 and A10A0757, we conclude that the trial court erred in applying the collateral estoppel doctrine to dismiss the Head and Larry Rogers actions and therefore reverse the trial court's September 10, 2009 orders of dismissal. With respect to Case Nos. A10A1226 and A10A1227, we conclude that the trial court's amended orders of dismissal, entered after Haygood filed notices of appeal from the September 10, 2009 orders, are nullities, and we therefore lack jurisdiction over the appeals. Finally, we conclude that the trial court did not abuse its discretion in granting Tilley's motion to dismiss the Haygoods' appeal for failure to pay costs and therefore affirm in Case No. A10A1225.

*The Tilley action.* The trial court granted Tilley's motion for summary judgment on his claim for permanent injunctive relief and dismissed, sua sponte, the Haygoods' counterclaims.[2] According to the trial court's summary judgment order,[3] Tilley owns property in Polk County identified by the Polk County Tax Commissioner's office as Tax Parcel 047A023B ("Parcel B") while the Haygoods own nearby property identified as Tax Parcel 047A023C ("Parcel C"). In granting summary judgment in Tilley's favor, the trial court relied on the survey Head prepared for Forsyth as well as an earlier survey incorporated by reference into the Haygoods' deed to conclude that a driveway easement running past Parcel C to Parcel B was not owned by the Haygoods but was a nonexclusive easement providing access to the properties it adjoins. Alternatively, the trial court found that Tilley was entitled to a prescriptive easement as well as an easement by implication under OCGA § 44-9-1.

The trial court entered its summary judgment order on August 26, 2009, and the Haygoods filed their notice of appeal from the same on August 31, 2009. Shortly thereafter, on September 2, 2009, the Polk County Superior Court Clerk's office mailed the Haygoods a

---

[2] We previously affirmed the trial court's grant of a preliminary injunction in Tilley's favor. See *Haygood v. Tilley*, 295 Ga. App. 90 (670 SE2d 800) (2008).

[3] As a result of the designations in the Haygoods' notices of appeal, the record on appeal is limited and does not include Tilley's petition for injunctive relief, the Haygoods' counterclaims, or Tilley's brief in support of his summary judgment motion with supporting exhibits.

notice requesting payment of appeal costs. On September 23, 2009, the clerk's office sent a second notice of costs to the Haygoods via certified mail, return receipt requested. The return receipt shows that Johnny Haygood signed for the notice on October 9, 2009. In addition, the Haygoods were personally served with the notice of costs on October 8, 2009. The Haygoods filed a "Paupers Affidavit" on October 27, 2009 stating "we are unable to pay the appeal costs at this time because I only have disability income and cannot afford it." Tilley filed a motion to dismiss the Haygoods' appeal on November 12, 2009, which the trial court granted on December 21, 2009.

*The Head and Larry Rogers actions.* The Haygoods sued Larry Rogers on claims of fraud, gross negligence, and slander of title and, in a later lawsuit, asserted these claims and a trespass claim against Head. While the Haygoods allege that both Head and Larry Rogers failed to show their exclusive ownership of the driveway easement, they also complain more broadly that land surveys the defendants prepared did not accurately depict the boundaries of Parcel C and the boundaries and/or their ownership of Tax Parcel 047A023E.

The trial court entered identical orders on September 10, 2009 dismissing the complaints in both actions, sua sponte, concluding that the Haygoods were collaterally estopped from pursuing their claims by the summary judgment order in the Tilley action. Each order contained the caption of the Larry Rogers action while purporting to dismiss case 2009-CV-1003, the number assigned to the Head action. After the Haygoods filed notices of appeal from the dismissal orders, the trial court issued orders on December 1, 2009, nunc pro tunc September 10, 2009, in each case to correct clerical errors and to clarify its intent to dismiss both cases.

### Case Nos. A10A0756 and A10A0757

1. The Haygoods contend that the trial court erred in dismissing their complaints sua sponte in the Head and Larry Rogers actions based on its conclusion that collateral estoppel barred their claims. We agree.

We review a trial court's sua sponte order of dismissal de novo. *Perry Golf Course Dev. v. Housing Auth. of City of Atlanta*, 294 Ga. App. 387, 393 (6) (670 SE2d 171) (2008).

The trial court's application of collateral estoppel was erroneous in several respects. First, the trial court lacked authority to rule, sua sponte, on the merits of a collateral estoppel defense under the circumstances of this case. Collateral estoppel is an affirmative defense that must be pleaded and proved. OCGA § 9-11-8 (c); *Shealy v. Unified Govt. of Athens-Clarke County*, 244 Ga. App. 853, 854 (537

SE2d 105) (2000). A trial court is without authority to assert on a defendant's behalf affirmative defenses that can be waived, such as collateral estoppel. *Nacoochee Corp. v. Suwanee Investment Partners*, 275 Ga. App. 444, 447 (2) (620 SE2d 641) (2005). As neither Head nor Larry Rogers raised a collateral estoppel defense prior to the time the trial court entered its dismissal orders, the trial court should not have considered the defense. Id. Further, in dismissing the Haygoods' complaints, the trial court necessarily considered matters outside the record, namely the summary judgment order in the Tilley action, and thereby converted its orders of dismissal into orders granting summary judgment.[4] *Aycock v. Calk*, 222 Ga. App. 763 (476 SE2d 274) (1996); OCGA § 9-11-12 (b).

> Although our law concerning motions for summary judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. The crucial point is to [e]nsure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him.

(Citations, punctuation and emphasis omitted.) Id. at 763-764; *Dixon v. MARTA*, 242 Ga. App. 262, 266 (3) (529 SE2d 398) (2000). The record contains no indication that the trial court provided the Haygoods with notice of its intent to consider the application of collateral estoppel or a full and fair opportunity to meet the defense.

Even if a collateral estoppel defense had been raised by Head or Larry Rogers and properly considered by the trial court, the summary judgment order in the Tilley action fails to establish that the defense applies here. "Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." (Footnote omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (2) (463 SE2d 5) (1995). A judgment used as a basis for applying the doctrine of collateral

---

[4] It also appears that the trial court improperly took judicial notice of the summary judgment order in the Tilley action without giving the Haygoods notice and an opportunity to be heard regarding whether judicial notice should be taken. See *Fitzpatrick v. Harrison*, 300 Ga. App. 672, 673, n. 1 (686 SE2d 322) (2009).

estoppel must be a final judgment. *Greene v. Transport Ins. Co.*, 169 Ga. App. 504, 506 (3) (313 SE2d 761) (1984). The trial court erred in applying collateral estoppel when the Haygoods had not yet exhausted their rights to appellate review and the summary judgment order in the Tilley action was not yet final. Id.

Further, "[c]ollateral estoppel requires identity of the parties and their privies in both actions." (Footnote omitted.) *In the Interest of T. M. G.*, 275 Ga. 543, 544 (570 SE2d 327) (2002). Neither Head nor Larry Rogers was a party to the Tilley action, and the summary judgment order in the Tilley action does not establish their privity with Tilley. "Privity is established where a party's interests are fully congruent with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." (Citations and punctuation omitted.) *Dennis v. First Nat. Bank of the South*, 293 Ga. App. 890, 893 (1) (668 SE2d 479) (2008). In the Tilley action, Tilley's interest was to establish a right to use an easement necessary to access his property. While Head and Larry Rogers may have been obligated to exercise due care in surveying the property now owned by Tilley (see OCGA § 43-15-22 (c)), neither Head nor Larry Rogers claims an interest in use or ownership of the easement or Tilley's property. Under the circumstances, Tilley is not in privity with Head and Larry Rogers. See *Roberts v. Porter, Davis, Saunders & Churchill*, 193 Ga. App. 898, 901 (1) (389 SE2d 361) (1989) (escrow agent lacked interest in property it received in connection with land purchase transaction and was not in privity with purchaser). Accordingly, notwithstanding any partial identity in the issues decided in the Tilley action and raised in the Head and Larry Rogers actions, the trial court erred in finding that collateral estoppel bars the Haygoods' claims, and its orders of dismissal must be reversed.

2. Given our disposition above in Division 1, we need not consider the Haygoods' arguments that the September 10, 2009 orders should be reversed as confusing or ambiguous.

### Case Nos. A10A1226 and A10A1227

3. The Haygoods filed their notices of appeal from the trial court's orders of dismissal in the Head and Larry Rogers actions before the trial court amended those orders on December 1, 2009.

> Generally a trial court has power to correct mistakes in judgments pursuant to OCGA § 9-11-60 (g). However, the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to

supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent authority, are without effect.

(Citations and punctuation omitted.) *Kidd v. Unger*, 207 Ga. App. 109, 111 (3) (427 SE2d 82) (1993); *Upton v. Jones*, 280 Ga. 895, 896 (1) (635 SE2d 112) (2006) (trial court lacks authority to correct clerical mistake once notice of appeal deprives it of jurisdiction). Since the trial court's orders issued to correct clerical errors in its prior orders of dismissal are void, we lack jurisdiction to consider these appeals. *Bryan v. Brown Childs Realty Co.*, 236 Ga. App. 739, 742 (2) (513 SE2d 271) (1999).

### Case No. A10A1225

4. The Haygoods contend that the trial court erred in granting Tilley's motion to dismiss their appeal. We disagree.

OCGA § 5-6-48 (c) provides:

... [T]he trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

"Whether or not to dismiss a notice of appeal for delay in paying costs rests in the sound discretion of the trial court when the grounds to dismiss have been met." (Punctuation and footnote omitted.) *Mitchell v. Cancer Carepoint*, 299 Ga. App. 881, 883 (2) (683 SE2d 923) (2009).

As we have previously held, "a delay of more than 30 days in paying costs is prima facie unreasonable and inexcusable," although "this inference may be rebutted by evidence presented by the appealing party." (Citations and punctuation omitted.) *Fun Fit Enterprises v. Halpern Enterprises*, 273 Ga. App. 685, 686 (616 SE2d 466) (2005); accord *Mitchell v. 3280 Peachtree 1, LLC*, 285 Ga. 576, 577 (2), n. 3 (678 SE2d 880) (2009). Even assuming that the Haygoods first received the notice of costs on October 8 or 9, 2009 by personal service or certified mail, over 30 days elapsed before Tilley filed his motion to dismiss.

In their opposition to Tilley's motion to dismiss their appeal, the Haygoods explained their failure to pay costs by asserting that they had timely filed a pauper's affidavit after they were billed for costs. Pursuant to OCGA § 9-15-2, a valid affidavit of poverty excuses a litigant from paying the costs of appeal until such time as a challenge to the affidavit is sustained or the trial court determines on its own motion that costs should be paid. OCGA § 9-15-2 (a), (b); see also *Whitehead v. Lavoie*, 176 Ga. App. 666 (337 SE2d 357) (1985) ("if a litigant is unable to pay any deposit or other court costs, under OCGA § 9-15-2, he has only to file a valid affidavit of indigency to be relieved from that expense"). If the truthfulness of a pauper's affidavit is challenged successfully, the appellant should be required to pay the court costs, and upon failure to comply, dismissal would be authorized. *Spaulding v. Rich's, Inc.*, 144 Ga. App. 467, 468 (241 SE2d 584) (1978); *Cottrell v. Askew*, 276 Ga. App. 717, 719 (624 SE2d 203) (2005).

As the trial court concluded, however, the Haygoods' pauper's affidavit did not meet the requisites of a valid affidavit.

> A signed statement of facts, purporting to be the statement of the signer, followed by the certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him is a lawful affidavit. Further, in the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with other evidence. To make a valid affidavit, the affiant must swear to it, and the fact of his swearing must be certified by a proper officer.

(Punctuation omitted.) *Anderson v. Hardoman*, 286 Ga. App. 499, 500 (1) (649 SE2d 611) (2007), citing *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985). The Haygoods' affidavit of indigence is legally insufficient because, while notarized, it contains no certification that the Haygoods swore under oath to the truth of the facts set forth in the affidavit.

Given the Haygoods' failure to file a valid affidavit, it was not incumbent on the trial court to give them further opportunity to pay costs, especially since the trial court found their claim of indigency lacking in merit. The trial court observed that the Haygoods presented no financial data in connection with their invalid affidavit and that the Haygoods had paid the filing costs in their lawsuit against Tilley and in several other pro se lawsuits they had commenced. Having rejected the Haygoods' allegations of indigency, the trial court was authorized to conclude that the Haygoods' failure to pay costs resulted in an unreasonable and inexcusable delay in transmit-

ting the record on appeal. As such, the trial court did not abuse it discretion in granting Tilley's motion to dismiss the Haygoods' appeal. See *Atlanta Orthopedic Surgeons v. Adams*, 254 Ga. App. 532, 535 (562 SE2d 818) (2002) (when trial court found elements necessary to dismiss appeal and rejected claim of indigency asserted in response to motion to dismiss, it arguably abused discretion in failing to grant motion).

5. Given our disposition above in Division 4, we need not address the Haygoods' arguments that the trial court erred in granting Tilley's motion for summary judgment.

*Judgments reversed in Case Nos. A10A0756 and A10A0757. Judgment affirmed in Case No. A10A1225. Appeals dismissed in Case Nos. A10A1226 and A10A1227. Phipps, P. J., and Johnson, J., concur.*

DECIDED JULY 9, 2010 —
RECONSIDERATION DENIED JULY 27, 2010 — ■■■■■■■■

Johnny Haygood, *pro se.*
Donna Haygood, *pro se.*
*James S. Astin*, for appellees (case nos. A10A0756 and A10A1226).
Larry H. Rogers, *pro se* (case nos. A10A0757 and A10A1227).
*Cox Byington, Christopher P. Twyman*, for appellee (case no. A10A1225).