S96A1312. MERSAC, INC. v. NATIONAL HILLS CONDOMINIUM ASSOCIATION, INC. et al.
(480 SE2d 16)

FLETCHER, Presiding Justice.

Mersac, Inc. brought a petition for declaratory judgment to

---

establish the right to use a paved road that is within the common elements of National Hills Condominium Association, d/b/a The Summit. National Hills counterclaimed for an injunction against Mersac's use of the road. The trial court denied the petition for declaratory judgment and issued a permanent injunction preventing Mersac from using the road. Because Mersac formerly owned the property over which it now seeks access and it failed to reserve an easement when it sold the property, we affirm.

Mersac developed the condominium complex known as The Summit and sold the units to the individual appellees who make up the National Hills Condominium Association. Access to these units from the public road is by a paved road called Mersac Court. Mersac Court is not a public road, but instead is part of the common elements under OCGA § 44-3-78. In selling these units, Mersac landlocked itself from an undeveloped parcel of land, which it also owned. Mersac now seeks access to the undeveloped parcel across Mersac Court.

1. The trial court denied Mersac's petition for a private way of necessity under OCGA § 44-9-40, holding that it would be unreasonable to grant Mersac a private way when a reasonable means of access was available to Mersac through land it sold. OCGA § 44-9-40 (b) expressly allows the trial court to consider whether the condemnation of a private way is "otherwise unreasonable" and, if so, to exercise its discretion to deny the condemnation. This Court has not had occasion to consider the parameters of "otherwise unreasonable." In *Kellett v. Salter*,[1] however, this Court suggested that if reasonable access existed over land a petitioner had sold, he would be unable to condemn a private way across another's land.[2] Implicit in that opinion is the understanding that necessity cannot be created by one's own voluntary action in giving up reasonable access.[3] Courts in other states have expressly concluded that an owner who voluntarily land locks himself is not entitled to a private way of necessity to obtain access.[4]

We agree with the rationale implicit in *Kellet* and expressly adopted in other states. The grant of a private way would reward Mersac's negligence in failing to reserve an easement and at the

---

[1] 244 Ga. 601, 602 (261 SE2d 597) (1979).

[2] Id. at 602.

[3] Whether reasonable access existed prior to a landowner's sale of a portion of the property must be decided on a case-by-case basis.

[4] *Gulotta v. Triano*, 608 P2d 81, 83 (Ariz. Ct. App. 1980) (denying condemnation of private way under statute where "[t]he necessity, if any, for a right-of-way across defendants' property was created by [plaintiff's] own voluntary act."); *Shive v. Schaefer*, 484 NE2d 394, 396 (Ill. App. Ct. 1985) (rejecting claim for implied easement where "[p]laintiff simply created his own problem by voluntarily conveying away all means of access to his retained property.").

same time deprive National Hills of the full use and enjoyment of its property. Because Mersac could have reserved an easement over land it sold to provide access to its remaining land, we cannot say the trial court erred in declaring that the condemnation of a private way was "otherwise unreasonable."

2. Many states recognize the doctrine of implied reservation of easement by a grantor;[5] Georgia does not.[6] Therefore, Mersac is not entitled to an easement simply because it sold the land that provided the only access to the landlocked parcel.

3. To acquire an easement by prescription under OCGA § 44-9-54, the claimant bears the burden of showing that it made any repairs that were needed.[7] According to the trial court's order, Mersac did not meet this burden. Mersac chose to omit the transcript of evidence and hearing from the record on appeal. Therefore, we must presume that the trial court's factual findings are supported by the evidence.[8]

4. Mersac contends that it was denied a jury trial when the trial court consolidated the hearing on the merits with the hearing on the motion for an injunction. Because the right to a jury trial under OCGA §§ 9-4-6 and 9-11-65 is waivable and because Mersac failed to include the transcript, we must assume the trial court proceeded to decide all the issues in both the declaratory judgment action and counterclaim for injunction with Mersac's consent.

5. Because the injunction order is not specific in its terms as to the acts restrained, we remand to the trial court for the entry of an order in compliance with OCGA § 9-11-65 (d).

*Judgment affirmed and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 21, 1997 —
RECONSIDERATION DENIED FEBRUARY 14, 1997.

*William A. Trotter III,* for appellant.
*Dye, Miller, Tucker & Everitt, John B. Long,* for appellees.

---

[5] 25 AmJur2d 606, Easements and Licenses, § 36.
[6] *Deas v. Hughes,* 264 Ga. 9, 13 (440 SE2d 458) (1994) (Carley, J., concurring).
[7] *Eileen B. White & Assoc. v. Gunnells,* 263 Ga. 360 (434 SE2d 477) (1993); G. A. Pindar & G. S. Pindar, Ga. Real Estate Law & Procedure, § 8-11, n. 7 (4th ed.).
[8] See *Brown v. Frachiseur,* 247 Ga. 463, 464 (277 SE2d 16) (1981).