S97A0572. POE & BROWN OF GEORGIA, INC. v. GILL.
(492 SE2d 864)

SEARS, Justice.

The appellant, Poe & Brown of Georgia, Inc., filed this action to enforce a restrictive covenant in an employment contract against the appellee, Bobby Gregg Gill. Poe & Brown appeals from the trial court's order denying Poe & Brown's request for an interlocutory injunction to prohibit Gill from soliciting customers of Poe & Brown. Without ruling on the enforceability of the restrictive covenant,[1] the trial court concluded that Poe & Brown had an adequate remedy at law, and it thus denied interlocutory injunctive relief. Based upon the record presented to this Court, we disagree with the trial court's ruling and reverse.

---

[1] This opinion, therefore, does not address the issue of the enforceability of the restrictive covenant.

Poe & Brown is an insurance agency engaging principally in the sale of commercial insurance to corporate and business clients. At the hearing on the interlocutory injunction, Gill testified that he was actively soliciting customers of Poe & Brown, and that he had placed three of Poe & Brown's customers with his new employer. Moreover, although the president of the commercial lines division of Poe & Brown testified that Poe & Brown could calculate the commission lost for one year due to the loss of those customers, he added that the commission would repeat year after year if Poe & Brown maintained the customer, and that the historic retention of customers is the major reflection of the value of the business. He further explained that the commission involved is a type of annuity that "perpetuates itself," and that as the company grows, the value "just embellishes itself. So the retention is essential to our business of surviving and the value in which a third party looking upon us to purchase would base all of its decisions." As for damages from losing a customer, he stated that they could not be quantified because the significance of an account is its longevity. In this regard, he emphasized that the retention level of an insurance agency's accounts is the substantive measure of the agency's quality and monetary value. This testimony was uncontradicted.

"[T]he sole purpose for granting interlocutory injunctions is to preserve the status quo of the parties pending a final adjudication of the case. [Cit.] '(A)n interlocutory hearing is designed to balance the conveniences of the parties pending a final outcome of the case.' "[2] Further, we have held in a restrictive covenant case that "[d]amages would be difficult to calculate, and even the awarding of same would not properly vindicate the plaintiff's rights. Injunctive relief has repeatedly been found appropriate in cases where covenants such as this have been found to be enforceable."[3] We have also held that a remedy is an adequate remedy at law only if it is as "practical and as efficient to the ends of justice and its prompt administration as the remedy in equity."[4]

In this case, because the evidence presented demonstrates that Gill is actively seeking customers of Poe & Brown, and because the uncontradicted evidence shows that Poe & Brown could suffer long-standing harm to its business as a result of the loss of customers and that it would be difficult, if not impossible, to quantify the damages stemming from the loss of a customer, we conclude that the conveniences strongly weigh in favor of Poe & Brown, and that the trial

[2] *MARTA v. Wallace*, 243 Ga. 491, 494 (3) (254 SE2d 822) (1979) (quoting 15 EGL 285, Injunctions, § 16 (1969)). Accord *Bailey v. Buck*, 266 Ga. 405 (1) (467 SE2d 554) (1996).

[3] *Rash v. Toccoa Clinic Med. Assoc.*, 253 Ga. 322, 327 (6) (320 SE2d 170) (1984).

[4] *Sherrer v. Hale*, 248 Ga. 793, 798 (285 SE2d 714) (1982).

court abused its discretion in denying its request for an interlocutory injunction on the ground that Poe & Brown had an adequate remedy at law.[5] The case is therefore remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 14, 1997 —
RECONSIDERATION DENIED DECEMBER 4, 1997.

*Davis & Doster, Simuel F. Doster, Jr., Porter & Barrett, J. Alexander Porter,* for appellant.
*Goodman & Associates, James E. Goodman,* for appellee.

---

[5] See *Rife v. Corbett,* 264 Ga. 871 (455 SE2d 581) (1995) (this Court may disturb a trial court's discretion in granting or denying an injunction if the trial court has abused its discretion).