S05A0383. TALMADGE v. ELSON PROPERTIES et al.

(612 SE2d 780)

SEARS, Presiding Justice.

This appeal comes from the trial court's equitable partitioning of a large tract of land located in Rockdale County. Appellant claims the trial court committed procedural irregularities, abused its discretion when denying requests for continuances, and based its ruling upon improper considerations. Having reviewed the record, we find appellant's claims to be without merit, and we affirm.

At issue is the equitable partitioning of a 215 acre tract of property located in Rockdale County. Appellant Lyniece North Talmadge owns an 8.33% interest in the property, which she holds under the name Sloan Street Partners, LLP. Appellees are Elson Properties (which owns a 50% interest in the property), the Abrams Family Limited Partnership (which owns a 25% interest), and Herman Talmadge, Jr., and his children (who own a 16.67% interest).

For approximately five years, beginning in 1999, appellees sought a buyer for the property, without appellant's cooperation. In 2004, appellees Elson Properties and the Abrams Family Trust filed a petition seeking a statutory partitioning, or (in the alternative) a court-ordered sale of the property. Appellee Talmadge, Jr., eventually signed on to the petition. Appellant answered and counterclaimed for an accounting and an equitable partitioning.

Thereafter, appellees received an offer to sell the property to Ashley Capitol, LLC, for $25,000 an acre (for a total of $5,375,000). All co-tenants were in favor of the sale, except appellant. Several hearings were held on appellees' petition, after which the trial court announced it would not order a private sale in the face of the pending purchase by Ashley Capitol. The trial court then ordered the parties

to file supplemental briefs describing what each party believed would be a fair partitioning of the property. Thereafter, the court heard testimony from real estate appraisers, who agreed that the price offered by Ashley Capitol was a fair one.[1] The court found that a division in kind of the property was appropriate, heard testimony from the parties (including appellant and her surveyor) about how the land should be divided, and then separated two smaller tracts, totaling slightly more than nine acres, from the larger whole. These smaller tracts — valued by the trial court at $49,283 per acre, more than $443,550 in total — were awarded to appellant.[2] The remainder of the property was awarded to appellees. The trial court also granted appellant's request for an accounting and appointed an auditor to perform that task.

1. Appellant argues that the trial court erred by entering a final decision before the end of the traditional six-month discovery period and before placing this matter on the trial calendar, in violation of OCGA § 9-11-40 and USCR 8.2. However, the record shows that in the trial court, appellant did not object to the proceedings based upon either OCGA § 9-11-40 or USCR 8.2. Hence, these enumerations are waived on appeal.[3]

2. The record does not support appellant's claim that the only notice she received of the trial court's final hearing was a rule nisi requiring her to show cause why appellees' motion to sell the property should not be granted. The show-cause hearing commenced on July 13, 2004, and continued on the following day, at which time the trial court ordered the parties to file supplemental briefs on the issue of partitioning. Appellant filed her supplemental brief on July 30, 2004. On August 2, 2004, the trial court issued an order announcing that it was reopening evidence and that a hearing would be held on August 10 "to allow **final** argument as to whether" the land should be partitioned or sold. The August 2 order directed the parties to "be prepared to present **all** evidence on **all** issues." This language was clearly adequate to inform appellant that the trial court intended the proceedings on August 10 to be a final hearing and that a ruling would be issued thereafter, thereby satisfying due process concerns.[4]

---

[1] The proposed sale to Ashley Capitol never occurred.

[2] These smaller parcels were taken from the north end of the property, which the record shows has a higher per-acre value than the remainder.

[3] *Sharpe v. Dept. of Transp.*, 270 Ga. 101, 103 (505 SE2d 473) (1998) (to preserve an objection upon a specific point, the objection must be entered timely on the record upon that specific ground); *Boggs v. Madison County*, 240 Ga. App. 849, 852 (524 SE2d 252) (1999) ("Where . . . an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error.").

[4] See *Womble v. Commercial Credit Corp.*, 231 Ga. 569, 571 (203 SE2d 204) (1974). The

3. The trial court did not abuse its discretion by declining appellant's request for a continuance, made at the commencement of proceedings on July 14, 2004. The record indicates that on the previous day, July 13, one of the appellees (appellant's brother-in-law) threatened appellant's life and the life of her daughter.[5] Because of these threats, appellant claims she was too distraught to testify on July 14 as scheduled, but was nonetheless forced to do so due to the denial of her request for a continuance.

"Granting or refusing a continuance is a matter within the sound discretion of the trial court, and absent a clear showing of abuse, this court will not reverse for refusing to grant a continuance."[6] In denying appellant's request, the trial court noted that the appellee who had issued the threats would not be in the courtroom on July 14, and hence could not intimidate appellant while she testified. Moreover, we note that the transcript of that day's testimony includes approximately fourteen pages of knowledgeable and cogent testimony from appellant, indicating that she was able to testify.[7] Finally, as noted above, the trial court reopened evidence several weeks later, on August 10, 2004, giving appellant a second opportunity to testify, which she declined. Under these circumstances, we conclude the trial court did not abuse its discretion in denying appellant's requested continuance.

Nor did the trial court abuse its discretion by denying appellant's August 10, 2004, request for a continuance, which she claimed was necessary so that her appraiser could prepare his testimony. At the time of appellant's request, she had been on notice for nearly seven months that appellees were seeking (among other things) a partitioning. Yet when her appraiser took the stand to testify, he stated that he had not prepared an appraisal because he had not yet been fully retained by appellant to do so. Accordingly, it appears that if appellant was not able to perform an appraisal in advance of the August 10 hearing, it was due to her own dilatoriness, rather than the trial court's denial of a continuance.[8]

---

transcript also shows that at the proceedings held on July 14, the trial court informed appellant that a final ruling would be issued following the introduction of all evidence and arguments.

[5] The proceedings on July 13 were not transcribed, but the fact that appellant and her daughter were threatened on that date is apparent from the record. The trial court later held the appellee who issued the threat in contempt, and sentenced him to a term in jail.

[6] *Livingston v. State*, 266 Ga. 501, 503 (467 SE2d 886) (1996).

[7] We note, however, that in its contempt order (see note 5, supra), the trial court observed that appellant had been visibly upset by the threat.

[8] We also note that appellant herself may have been qualified to provide an opinion as to the property's value. See *Dept. of Transp. v. Into*, 219 Ga. App. 311, 312 (464 SE2d 886) (1995) (a property owner is competent to testify as to value where it is established that she has knowledge, experience, and familiarity with the property and/or the value of any improvements

4. The record does not support appellant's claim that the trial court partitioned the property as desired by Ashley Capitol. While the pending contract with Ashley Capitol was taken into consideration by the trial court, the record reveals that the property was partitioned in the manner desired by appellant and her surveyor, and appellant was awarded two tracts that are worth more than she would have received if the property had remained intact and had been sold to Ashley Capitol (assuming appellant participated in such a sale). In so doing, the trial court rejected appellees' requested manner of partitioning and divided the property in such a way that awarded appellant property valued in excess of what she owned before partitioning.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 26, 2005.

*Ragsdale, Beals, Hooper & Seigler, James R. Schulz*, for appellant.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Crumbley & Crumbley, R. Alex Crumbley*, for appellees.

---

thereon). In fact, appellant testified that parcels of the type she was awarded should be valued between $20,000 and $75,000 per acre, which is consistent with the trial court's valuation of the property awarded to appellant of $49,318 per acre.