## A07A0266. WRIGHT v. BROOKSHIRE.
### (648 SE2d 485)

MILLER, Judge.

Jere Brookshire filed a petition seeking an implied easement across land owned by James Wright, Jr. to provide Brookshire access to a landlocked property that he owned, and, in the alternative, the condemnation of a private way of necessity across such land. Brookshire moved for partial summary judgment as to his private way claim. The trial court granted such motion, and sub silentio denied Wright's request to enjoin the condemnation. Wright appeals, contending that the trial court erred (i) in granting Brookshire partial summary judgment, (ii) in refusing to enjoin the condemnation and dismiss the claim, and (iii) in denying him due process of law. Because genuine issues of material fact remain as to whether Brookshire could have reserved an easement to his property upon conveying a portion thereof, we reverse.

"On appeal from the denial or grant of summary judgment, this Court must conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. [Cit.]" *Northwest Carpets v. First Nat. Bank*, 280 Ga. 535, 538 (1) (630 SE2d 407) (2006). The denial of injunctive relief is reviewed for abuse of discretion. *Poe & Brown of Ga. v. Gill*, 268 Ga. 749, 751 (492 SE2d 864) (1997); *Teague v. City of Canton*, 267 Ga. 679, 680 (1) (482 SE2d 237) (1997).

So viewed, the evidence shows that the landlocked property in issue (the "Property") was originally part of a larger tract of land owned by a group of investors known as the "Super Group." Pursuant to a lease-purchase agreement, the Super Group leased the Property to Brookshire, giving him access to it over a driveway running across the remainder of the tract. The Super Group later sold such land to Frank G. and Patricia Y. Hamil without reserving an easement to the Property. Brookshire nonetheless exercised his option to purchase the Property, and, although he later quitclaimed a portion thereof to the Hamils to correct a defect in the legal description of the Property

at the time of its conveyance to him, he did so without reserving a right of access. In January 1999, approximately eight years after Brookshire purchased the Property, the Hamils sold their parcel to Wright, who wanted to develop it for a retail use. In the years that followed, Brookshire twice offered to sell the Property to Wright, but later reneged. In 2005, Brookshire instead filed the underlying petition.

1. Wright contends that partial summary judgment for Brookshire on his claim for a private way was error, arguing that a condemnation for such purpose was "otherwise unreasonable" within the meaning of OCGA § 44-9-40 (b).

"OCGA § 44-9-40 (b) expressly allows the trial court to consider whether the condemnation of a private way is 'otherwise unreasonable' and, if so, to exercise its discretion to deny the condemnation." *Mersac, Inc. v. Nat. Hills Condo. Assn.*, 267 Ga. 493, 494 (1) (480 SE2d 16) (1997). In *Mersac*, the Supreme Court of Georgia affirmed the trial court's declaration that a private way was "otherwise unreasonable" because "Mersac could have reserved an easement over land it sold to provide access to its remaining land," id. at 495 (1), reasoning that "necessity cannot be created by one's own voluntary action in giving up reasonable access." Id. at 494 (1).

Although Brookshire did not seek an easement over land he sold without reserving a right of access to the Property, under the rationale in *Mersac* set out above, we find that he might have reserved an easement to the Property when he reconveyed a portion of it to the Hamils by corrective quitclaim deed. In this regard, Brookshire testified in opposition to summary judgment that he had enjoyed uninterrupted access to the Property over the Hamils' property for six years prior to its conveyance to Wright.

We therefore conclude that genuine issues of material fact remain as to whether Brookshire's failure to reserve an easement to the Property at the time he executed the corrective quitclaim deed to the Hamils was "otherwise unreasonable," foreclosing his condemnation action. Consequently, we find that the trial court erred in granting Brookshire partial summary judgment on his private way claim and subsequently erred in granting the condemnation. See OCGA § 44-9-40 (b) (in the event the trial judge finds condemnation proceeding "otherwise unreasonable," he or she is authorized "to find that the condemnation and the declaration of necessity constitute an abuse of discretion and to enjoin the condemnation"); see also *Mersac*, supra, 267 Ga. at 494 (1) (equating "enjoin the condemnation" to "deny the condemnation").

2. In light of our disposition of Division 1, we need not consider Wright's remaining claim of error.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 26, 2007.

*Bradley E. Heard,* for appellant.
*Anthony Kirkland,* for appellee.