A08A1551. HAYGOOD et al. v. TILLEY.
(670 SE2d 800)

MIKELL, Judge.

In this dispute over a driveway easement, we review the trial court's order granting interlocutory relief.[1] Finding no abuse of discretion, we affirm.

In its order, the trial court consolidated two actions on the grounds that both involved disputes over the use and control of the easement: one arising from Phil Tilley's petition for temporary, interlocutory, and permanent injunctive relief; and the other from the complaint filed by Johnny and Donna Haygood.

The record reflects that a survey performed on or about April 11, 2006, shows that five parcels of land are located in Land Lot 250, 21st District, 3rd Section in Polk County, and are designated alphabetically as parcels "A" through "E." The survey shows a 20-foot easement along the existing drive that travels from Whitman Road to parcel "B," which included a house. Tilley acquired parcel "B" in 2007 from Dan Forsyth. The Haygoods acquired parcel "C" in 2001 from Clay Johnson, and the legal description attached to their warranty deed described the land conveyed to include the driveway easement.

In Tilley's petition for injunctive relief, Tilley claims that the easement is an improved, paved easement, which is nonexclusive as it was used by all who owned property adjacent to it. The trial court entered a temporary restraining order, noting thereon that it was addressing Tilley's petition and the Haygoods' complaint. In its

---

[1] Johnny and Donna Haygood filed an application for discretionary appeal to obtain interlocutory review of the trial court's order granting a temporary restraining order before the hearing was held on the petition for interlocutory injunction. In their notice of appeal, however, the appellants stated that they were appealing the order on the interlocutory injunction entered on March 18, 2008. We note that the order appealed grants a petition for an interlocutory injunction, the grant or denial of which is directly appealable pursuant to OCGA § 5-6-34 (a) (4). See *Inserection, A Fantasy Store v. City of Marietta*, 278 Ga. 170, 171 (598 SE2d 452) (2004).

order, the trial court provided that the Haygoods were

> restrained and prohibited from obstructing that 20 foot
> drive easement (the "Easement") which travels from Whit-
> man Road to [Tilley]'s property, and which is more particu-
> larly described as a "Drive Easement" in that survey for
> Danny T. Harp and Donna Harp dated May 14, 1984, and
> recorded in Book 562 . . . , [and] referenced in defendants'/
> respondents' deed of conveyance.

The survey for Danny T. Harp and Donna Harp (the "Harp survey")
is referenced in the legal description attached to the Haygoods'
warranty deed and in each preceding deed discovered in the title
history of the Haygoods' property.

The Haygoods attended the hearing on the petition for tempo-
rary interlocutory relief but offered no defense and introduced no
evidence. Tilley testified and called as a witness Claude Head, the
certified land surveyor who prepared the survey referenced in
Tilley's warranty deed. Tilley testified that he purchased his land,
parcel "B," from Forsyth; that he accesses his land by using the
driveway easement; that there is no other way to get to his property;
that he filed his petition because the Haygoods denied him access to
his property; that he bought the property and insured the house
thereon and to maintain the insurance, he had to work on the house;
and that on one occasion, the Haygoods would not let him use the
driveway to leave the property. Head testified that he performed the
survey for Forsyth; that Forsyth owned parcel "B"; that based upon
previous surveys and deeds filed in the Polk County courthouse, he
showed a 20-foot easement from Whitman Road to Forsyth's prop-
erty in the survey; that the easement was paved up to Forsyth's
house; and that he did not find any record that showed that the
Haygoods owned a fee simple interest in the driveway. Tilley's
counsel also cross-examined Johnny Haygood, who admitted that
when he purchased the property in 2001, the paved driveway was
there; that the paved driveway extended beyond his property; and
that other property owners used the driveway. Haygood explained
that in his opinion, the use of the word "convey" in the legal
description attached to his warranty deed meant that ownership of
the driveway was transferred to him.

At the conclusion of the hearing, the trial court directed Tilley's
counsel to prepare an order including the court's findings of fact;
that Tilley had established a substantial likelihood of prevailing on
the merits; that Tilley would suffer irreparable harm or injury unless
the injunction issued; that there had been no allegation that the
issuance of the injunction would injure the Haygoods; and that the

issuance of the injunction would not be adverse to the public interest. These findings were reflected in the order from which the Haygoods appeal.

> An interlocutory injunction is a device to keep the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication. There must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy. The trial court has broad discretion to decide whether to grant or deny a request for an interlocutory injunction, and the appellate courts will not disturb the trial court's exercise of its discretion unless a manifest abuse of discretion is shown or there was no evidence on which to base the ruling.[2]

"A trial court may issue an interlocutory injunction to maintain the status quo until the final hearing if, by balancing the relative conveniences of the parties, it determines that they favor the party seeking the injunction."[3]

1. In five interrelated enumerations of error, the Haygoods argue that the trial court erred when it granted the injunction because: (1) it based its finding on the Harp survey, which was different from the description in Tilley's deed; (2) it referred to the Harp survey in its order; (3) predecessors in Tilley's chain of title did not preserve the easement for Tilley's use; (4) an earlier action to quiet title between a prior owner of Tilley's property and the Haygoods had been dismissed without prejudice; and (5) there had not been seven years of uninterrupted use of the driveway by Tilley and previous owners. We address these errors simultaneously.

The record shows that Tilley's deed incorporates by reference the plat prepared by surveyor Head, which clearly shows the driveway easement.

> [W]here a deed to land refers to a map or plat as a part of the description of the land conveyed, such map or plat will ordinarily be considered as incorporated in the deed itself. Further, where a plat is so incorporated by reference in a deed, the plat itself and the words and marks on it are as

---

[2] (Citations and punctuation omitted.) *Lee v. Environmental Pest & Termite Control*, 271 Ga. 371, 373 (2) (516 SE2d 76) (1999). See also *Outdoor Advertising Assn. of Ga. v. Garden Club of Ga.*, 272 Ga. 146, 147 (1) (527 SE2d 856) (2000).

[3] (Citation, punctuation and footnote omitted.) *Ayer v. Norfolk Timber Investment*, 291 Ga. App. 409, 410 (662 SE2d 221) (2008).

much a part of the grant or deed, and control, so far as limits are concerned, as if such descriptive features were written on the face of the deed or grant itself.[4]

Head testified that he prepared the plat based upon the Harp survey, which is referenced throughout in the Haygoods' chain of title. In addition, even if the easement were not referenced in his deed, we find critical the fact that Tilley's land does not abut Whitman Road and can only be accessed through the driveway easement. The Haygoods offered no contradictory evidence on this point. Therefore, based on the evidence in the record, Tilley would have the right to an easement as it is well established in Georgia that an easement arises by implication of law when that right is necessary to the enjoyment of lands.[5]

The Haygoods cite *Mersac, Inc. v. Nat. Hills Condo. Assn.*[6] for the proposition that "necessity cannot be created by one's own voluntary action in giving up reasonable access."[7] However, *Mersac* is inapplicable here as it involves a grantor who sold the property over which it later sought an easement.[8] Tilley did not sell the property over which the driveway runs and did not give up access thereto prior to filing his petition in the instant case. Therefore, the trial court's conclusion that Tilley is likely to prevail on the merits is supported by the evidence of record. Additionally, Tilley offered evidence that he would suffer harm if he were unable to work on the house on his property, but the Haygoods offered no evidence that they would suffer harm as a result of the grant of the injunction. As the evidence of record shows no manifest abuse of discretion in the trial court's grant of the interlocutory injunction, we cannot disturb the trial court's ruling.[9]

2. The Haygoods appear to argue in their sixth enumerated error that they were denied the right to counsel when the trial court did not continue the hearing to afford them the opportunity to retain counsel. The Haygoods argue that their motion for continuance was not ruled upon, but there is no evidence in the record that they

---

[4] (Citation and footnote omitted.) *Hernandez v. Whittemore*, 287 Ga. App. 251, 254 (651 SE2d 180) (2007).

[5] See OCGA § 44-9-1, which provides that
[t]he right of private way over another's land may arise from an express grant, from prescription by seven years' uninterrupted use through improved lands or by 20 years' use through wild lands, by implication of law when the right is necessary to the enjoyment of lands granted by the same owner, or by compulsory purchase and sale through the superior court.

[6] 267 Ga. 493 (480 SE2d 16) (1997).

[7] (Footnote omitted.) Id. at 494 (1).

[8] Id. at 494.

[9] See *Lee*, supra.

sought a ruling on their motion. Therefore, the argument that the trial court erred when it denied the motion for continuance is waived on appeal.[10] Nonetheless, we exercise our discretion to point out that even if the Haygoods had obtained a ruling denying the motion, "[g]ranting or refusing a continuance is a matter within the sound discretion of the trial court, and absent a clear showing of abuse, this court will not reverse for refusing to grant a continuance."[11] In light of the court's strong recommendations to the Haygoods to retain counsel for the final hearing on the matter and the comment by the trial judge that the Haygoods had been advised of their need to retain counsel at the initial hearing on the temporary restraining order, we find no abuse of discretion.

3. In their last enumerated error, the Haygoods contend that they were denied their right to a jury trial. "[T]here is no constitutional or statutory right to a jury at an injunction hearing."[12] Accordingly, this enumerated error fails.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 30, 2008 —
RECONSIDERATION DENIED DECEMBER 4, 2008 — 

Johnny Haygood, *pro se*.
Donna Haygood, *pro se*.
*Cox & Byington, Christopher P. Twyman, Tiffany P. Edmonds,* for appellee.

---

[10] See *Aldalassi v. Drummond*, 223 Ga. App. 192, 193 (4) (477 SE2d 372) (1996).

[11] (Punctuation and footnote omitted.) *Talmadge v. Elson Properties*, 279 Ga. 268, 270 (3) (612 SE2d 780) (2005).

[12] *Frantz v. Piccadilly Place Condo. Assn.*, 278 Ga. 103, 106-107 (6) (597 SE2d 354) (2004), citing *Cawthon v. Douglas County*, 248 Ga. 760, 762 (1) (286 SE2d 30) (1982).